By the Court, Cükbey, J.
This action was brought to enjoin proceedings <i of the Legislature entitled “An Act to allow,%meg,.$í. man, Marcus Harlow and their associates 'éhrassigné^to 'wrNstruct a toll road in the County of Sap.yíñiÉeO;,”.''ft'assgd1 s&t March, 1863. (Laws 1863, p. 99.) Upon'fijing théycom|^int^ a preliminary injunction was granted, and Syfi'n^;de^e the same was made perpetual. '
The portion of the Act on which the appellants allege the right to appropriate' the county road for their use as a toll road reads as follows : “ The right to construct and maintain a toll road in San Mateo County is hereby granted to James E. Huttman, Marcus Harlow and their associates or assigns, for the period of twenty-five years from the passage of this Act; said road to begin at the point of intersection where the present road crosses the northern boundary line between San Mateo and San Francisco Counties, and thence with said county road to the point where , the same intersects with the southern boundary line of San Mateo ‘County.” The parties were required, within a year after the passage of the Act, to open, grade and construct the road, to the width of at least thirty feet, and at all times to keep and maintain the same in thorough repair, taking and receiving for the use of said road from the public the tolls therein specified. Further, by the third section of the Act they were empowered to take, condemn and appropriate such lands as might be necessary for the construction of the road, or the right of way thereof, upon payment to the owners or claimants of such lands the ascertained value thereof, according to the provisions of the Act of May 20, 1861. (Laws 1861, p. 607.) Subsequently, in April, 1863, at the same session, another Act was passed, *344 entitled “An Act supplemental to and explanatory of an Act entitled ‘An Act to allow James E. Nuttman, Marcus Harlow and their assigns, to construct and maintain a toll road in the County of San Mateo, passed March twenty-fourth, eighteen hundred and sixty-three,’ which reads: ‘ That portion of section one of the above entitled Act, which reads as follows, to wit: Said road to begin at the point of intersection where the present county road crosses -the northern boundary line befo etween San Mateo and San Francisco Counties, and thence with said county road to the point where the same intersects with the southern boundary line of San Mateo County,’ shall not be so construed as to grant or confer any rights or privileges to the said James E. Nuttman, Marcus Harlow or their assigns, to construct, build or maintain a toll road over or upon the whole or any portion of the county road running through the County of San Mateo, from the northern to the southern line of said county, and known as the San José and San Francisco County Road; nor shall any part or parts of said Act be so construed as to authorize or empower the said James E. Nuttman, Marcus Harlow or their assigns, to charge- and collect any toll upon the whole or any portion of said county road; nor shall the said James E. Nuttman, Marcus Harlow or their assigns, acquire any rights or privileges under and by virtue of the above entitled Act to obstruct, in any manner or way whatsoever, the full enjoyment and free use of said county road, or any portion of the same, to the public.” (Laws 1863, p. 361.)
The appellants claim that, under t}ie first Act referred to, they have the right to appropriate the county road named in these Acts, and acting upon this construction of their rights under the grant of the franchise, were appropriating the same until enjoined in this action; -and further, that the supplemental and explanatory Act cannot vary, alter or impair the rights acquired, as they allege, under the first Act.
What was granted by the Act of March, 1863, is the subject first to be considered, and the determination of this ques *345 tion against the appellants’ pretensions will make an end of the case.
The grantees named in the Act were authorized to construct a road—not to appropriate to their own use the county road which was already constructed. And in the construction of this road the right was granted to Huttman, Harlow and their associates or assigns to take, condemn and appropriate such lands as might be necessary for its construction, or the right of way thereof, upon paying to the owners or claimants of said lands its value to be ascertained as provided by law. The county road was recognized by the Legislature as existing when the Act was passed; and hence it cannot be fairly presumed that it was intended the lands over which it passed and which were already condemned, to every practical intent, and appropriated by the public as a highway, were the lands to be condemned and appropriated for the construction of the new road. The subject matter granted is distinctly expressed by the Act of the Legislature, and is set forth therein as the aggregate thing of paramount prominence and importance. The effect of the Act cannot be controlled by the fact that it is therein provided that the road to be constructed was to begin at the point of intersection, “ where the present county road crosses the northern boundary line between San Mateo and San Francisco Counties,” and was to run “ thence with said county road to the point where the same intersects with the southern boundary line of San Mateo County.” Primarily, the word “at” expresses the relations of presence, nearness in place or time, or direction toward, and it is less definite than “in” or “on.” (Webster’s Die.) The precise sense in which the word may be used, must be ascertained from its connection with the other and more substantive words of the sentence of which it is a part. Here the words “ at the point of intersection” should be read in connection with the words of the grant in the statute, to wit: the grant of the right to construct a road which was to run with the county road and not upon it, and which was to pass over lands which it was contemplated by the Act should be condemned and appropriated *346 upon paying to the owners or claimants thereof the just value of the same.
We are of the opinion that a fair construction of the Act of March, 1863, gave to the grantees or donees named therein, no right to appropriate the county road to their use and purposes, and that the Act of April, 1863, was not necessary to explain its object and meaning, and therefore we deem it unnecessary to pass upon the effect of the last Act.
Decree affirmed.
Mr. Justice Rhodes expressed no opinion.